IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH SCOTT GORDON,<br><br>Defendant. | CR. NO. 11-00479 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER FIRST STEP ACT (COMPASSIONATE RELEASE), ECF NO. 322 |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER FIRST STEP ACT (COMPASSIONATE RELEASE), ECF NO. 322**

## I. INTRODUCTION

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant Kenneth Scott Gordon ("Defendant") moves for compassionate release from Federal Correctional Institution La Tuna ("FCI La Tuna"). ECF No. 322. The court determines Defendant has failed to show extraordinary and compelling reasons to warrant release. Thus, for the following reasons, the Defendant's Motion for Compassionate Release is DENIED.

## II. BACKGROUND

Defendant, currently 54 years old, is incarcerated at FCI La Tuna with a projected release date of August 11, 2023. *See* https://www.bop.gov/inmateloc/ (last visited May 24, 2021).

Following a jury trial, Defendant was found guilty as to Counts 1 and 2 of a Second Superseding Indictment ("Indictment") on October 17, 2012. ECF Nos. 160, 161. Count 1 of the Indictment charged Defendant with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. ECF No. 48 at PageID ## 99-100. Count 2 of the Indictment charged Defendant with knowing and intentional possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). *Id.* at PageID # 100. On August 1, 2013, Defendant was sentenced to a term of 164 months imprisonment and a term of five years of supervised release. ECF No. 227 at PageID ## 1933-34. Subsequently, on January 20, 2016, Defendant's sentence was reduced from 164 months to 151 months due to retroactive application of Amendment 782 to the United States Sentencing Guidelines. ECF No. 261.

On November 15, 2020, Defendant submitted a request for compassionate release to FCI La Tuna's warden. ECF No. 322-3 at PageID

# 2882.¹  That request was denied on December 15, 2020. *Id.* at PageID # 2884.

Defendant then filed a Motion for Compassionate Release on April 28, 2021. ECF No. 322. The Government filed its Opposition on May 19, 2021. ECF No. 329. The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

### III.  **DISCUSSION**

**A.    Legal Standard**

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

¹ While no copy of Defendant's November 15, 2020 compassionate release request was submitted, ECF No. 322-1 at PageID # 2851 n.1, for purposes of this Motion, the court assumes that Defendant's request was submitted on or about November 15, 2020 given the subsequent denial by FCI La Tuna's warden, ECF No. 322-3 at PageID # 2884.

Thus, the court may reduce Defendant's sentence if: (1) Defendant has exhausted the required administrative remedies; (2) the court determines, after consideration of the applicable section 3553(a) factors, that Defendant has shown that "extraordinary and compelling reasons" warrant the reduction; and (3) the reduction is consistent with any applicable Sentencing Commission policy statements. Here, the parties agree that Defendant has exhausted his administrative remedies. ECF No. 322-1 at PageID ## 2851-52; ECF No. 329 at PageID # 3193.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, was promulgated before the First Step Act provided defendants with the ability to file motions for compassionate release on their own behalf (and, without a quorum, the Sentencing Commission has been unable to amend the Guidelines post-First Step Act). The Ninth Circuit has therefore determined that the Guidelines lack any policy statement "applicable" to a defendant-filed motion for compassionate release. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). This court is thus empowered to consider any extraordinary and compelling reason that warrants a sentence reduction. In making this determination, "[t]he Sentencing Commission's statements in [§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*.

**B.     Extraordinary and Compelling Reasons Do Not Warrant Release**

Defendant bears the burden to establish extraordinary and compelling reasons that warrant compassionate release.  *See, e.g.*, *United States v. Bogema*, 2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020) (citations omitted).

Here, Defendant argues that his medical conditions and age "place him at an increased risk of severe illness if he contracts COVID-19."  ECF No. 322-1 at PageID # 2852.  Defendant also claims that FCI La Tuna does not provide a safe environment to protect against COVID-19.  *Id.* at PageID ## 2867-68.  Finally, he asserts that he has exhibited "significant rehabilitation" while incarcerated, taking full advantage of post-sentencing programming opportunities for education and rehabilitation.  *Id.* at PageID # 2875.

But the COVID-19 pandemic alone does not constitute an extraordinary and compelling reason for release.  *See, e.g.*, *United States v. Drummondo-Farias*, 460 F. Supp. 3d 1008, 1014 (D. Haw. 2020) (explaining that "'[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement'") (quoting *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal.  2020)); *see also United States v. Brooks*, 491 F. Supp. 3d 33, 37 (W.D. Pa. 2020); *United States v. Mitchell*, 471 F. Supp. 3d 1130, 1138 (W.D. Wash. 2020).  Further, Defendant has not shown that the

5

hardships he faces at FCI La Tuna differ significantly from any other BOP facility. The BOP reports that of 981 inmates tested at FCI La Tuna, 552 have tested positive for COVID-19.[2]  *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited May 24, 2021).  At present, FCI La Tuna is doing much better—BOP presently reports that zero inmates and one staff member have "confirmed active cases" of COVID-19.  *See id*.  Although the court recognizes that COVID-19 cases could rise again at FCI La Tuna, the institution has shown great improvement over the past months.  And as COVID-19 vaccinations continue to be administered, the threat of a COVID-19 outbreak will continue to decrease over time.[3]

      Defendant lists several medical conditions that increase his risk relating to COVID-19, including: diabetes mellitus type 2; heart disease (including atrial fibrillation and hypertension); obesity; hyperlipidemia; obstructive sleep apnea; and possible kidney disease.  ECF No. 322-1 at PageID # 2848.  The court addresses each condition in turn.

---

[2] FCI La Tuna currently houses 965 total inmates (808 at the FCI and 157 at the Camp). *See* https://www.bop.gov/locations/institutions/lat/ (last visited May 24, 2021).

[3] As of May 24, 2021, the FCI La Tuna has completed full inoculations of 722 inmates and 175 staff members.  *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited May 24, 2021).  And, as discussed further below, Defendant has been vaccinated.  ECF No. 332 at PageID # 3223.

The court agrees that Defendant's diabetes places him at an increased risk for severe illness from COVID-19. *See* ECF No. 327 at PageID # 3094 (noting Defendant's diabetes mellitus, type 2 diagnosis). According to the Centers for Disease Control and Prevention ("CDC"), "[h]aving either type 1 or type 2 diabetes can make you more likely to get severely ill from COVID-19." *See* https://www.cdc. gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 24, 2021).

Likewise, heart conditions—including heart disease and other heart conditions such as atrial fibrillation and hypertension—"can make you more likely to get severely and ill from COVID-19." *Id*.; *see also* https://www.cdc.gov/heartdisease/other_conditions.htm (categorizing atrial fibrillation under "Other Conditions Related to Heart Disease). Defendant's medical records indicate a "history of atrial fibrilization [that] started in 2015" but that, as of September 9, 2020, "appears to be well controlled" through medication. ECF No. 327 at PageID # 2977. Defendant also appears to have been diagnosed with—and is being treated for—hypertension. *See id*. at PageID ## 2905, 2963, 2974. Defendant clearly suffers from heart conditions that place him at an increased risk should he contract COVID-19 again.[4]

---

[4] As set forth below, Defendant previously contracted and recovered from COVID-19. ECF No. 327 at PageID ## 2934, 2956, 2958, 3097.

Also, at 6'1" tall and with a current weight of 256 pounds, Defendant has a body mass index ("BMI") of 33.8.  ECF No. 327 at PageID # 2919; ECF No. 322-1 at Page ID # 2858. According to the National Institutes of Health, a BMI of 30 or greater indicates that an individual is obese. https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm (last visited May 24, 2021).  And according to the CDC, obesity (which includes a BMI between 30 and 40) "can make you more likely to get severely ill from COVID-19. The risk of severe COVID-19 illness increases sharply with elevated BMI." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 24, 2021).

Next, neither hyperlipidemia nor sleep apnea are listed by the CDC as a COVID-19 risk factor.  And as for possible chronic kidney disease, the CDC states that "[h]aving chronic kidney disease of any stage can make you more likely to get severely ill from COVID-19."  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 24, 2021).  Although Defendant's medical records do not indicate a chronic kidney disease diagnosis, ECF No. 322-1 at PageID # 2860, the court assumes for the purpose of this Order that Defendant does have chronic kidney disease, which contributes further to his COVID-19 risk.

Although Defendant suffers from several conditions that increase his COVID-19 risk, his medical records indicate that he receives regular medical treatment for his conditions. *See generally* ECF No. 327. Significantly, his medical records also indicate that Defendant already contracted and recovered from COVID-19 in November 2020. ECF No. 327 at PageID ## 2934, 2956, 2958, 3097. Despite Defendant's assertion that that he is not fully recovered from COVID-19, on February 18, 2021, he described his experience of chest pain as "'the same as before COVID.'" ECF No. 327 at PageID # 2908.

But most significant, Defendant has been vaccinated against COVID-19 while in BOP custody; his first Moderna vaccine dose was administered on March 31, 2021, and he received his second dose on April 27, 2021. ECF No. 332 at PageID # 3224. As a result, Defendant's risk of re-infection is greatly diminished. *See, e.g.*, *United States v. Del Rosario Martinez*, ___ F. Supp. 3d ___, 2021 WL 956158, at *3 (S.D. Cal. March 20, 2021) ("Defendant's 'vaccination significantly mitigates the risk that [he] will contract COVID-19.'") (quoting *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (citing *United States v. Ballenger*, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release.")) (other citation omitted);

9

*see also* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited May 24, 2021). As stated by the CDC,

> Currently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19. Additionally, a growing body of evidence suggests that fully vaccinated people are less likely to have asymptomatic infection and potentially less likely to transmit SARS-CoV-2 to others.

*Interim Public Health Recommendations for Fully Vaccinated People*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited May 24, 2021). Given this understanding, Defendant's claim that he may contract COVID-19 post-vaccination is purely speculative. *See* ECF No. 322-1 at PageID ## 2864-66. This ground, standing alone, is a basis to deny his Motion for Compassionate Release.

And finally, at 54 years old, Defendant is not in the highest risk age group, although he does face an elevated risk. As stated by the CDC:

> The risk for severe illness from COVID-19 increases with age, with older adults at highest risk. For example, people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk for severe illness from COVID-19 is among those aged 85 or older.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited May 24, 2021).

Regardless, taking into account Defendant's age, risk factors, and that he is vaccinated against COVID-19, the court concludes that he has failed to demonstrate that extraordinary and compelling reasons warranting compassionate release.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Reduce Sentence Under First Step Act (Compassionate Release), ECF NO. 322, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 24, 2021.



    /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Gordon*, Cr. No. 11-00479 JMS, Order Denying Defendant's Motion to Reduce Sentence Under First Step Act (Compassionate Release), ECF NO. 322